IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RICKY CLARK AND** | * |
| **MARLENA CLARK** | *  **CIVIL ACTION NO.:** |
| | * |
| **VERSUS** | * |
| | * |
| **STATE FARM FIRE AND** | * |
| **CASUALTY COMPANY** | * |
| | * |

**************************************************************************

**COMPLAINT FOR DAMAGES**

**NOW INTO COURT,** through undersigned counsel, come complainants, Ricky Clark and Marlena Clark (hereinafter "Complainants"), and file their Complaint for Damages against defendant, State Farm Fire and Casualty Company (hereinafter "State Farm"), respectfully averring as follows:

**I. PARTIES**

**1.**

Made Plaintiff herein is **RICKY CLARK**, an adult resident of the Parish of Calcasieu, Louisiana.

**2.**

Also made Plaintiff herein is **MARLENA CLARK**, an adult resident of the Parish of Calcasieu, Louisiana.

**3.**

Made Defendant herein is **STATE FARM FIRE AND CASUALTY COMPANY**, an insurer domiciled in the State of Illinois who is authorized to do and is doing business in the State of Louisiana and the Parish of Calcasieu, which may be served through its Registered Agent for

Service of Process, the Louisiana Secretary of State, 8585 Archives Avenue, Baton Rouge, Louisiana 70809.

## II.  JURISDICTION AND VENUE

**4.**

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C. § 1332 and 1441 because complete diversity of citizenship exists between the parties and because the amount in controversy is greater than the minimum jurisdictional amount.

**5.**

Venue is proper in this Honorable Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District; Complainants reside in this District and the property that is subject to the dispute between Complainants and State Farm is located in this District.

## III.  RELEVANT FACTS

**6.**

At all times relevant hereto, Complainants owned the property located at 1475 Becky Street, Lake Charles, Louisiana 70611 (the "Property").

**7.**

At all times relevant hereto, State Farm provided a policy of insurance, number 18-BS-M781-5 (the "Policy"), to Complainants which covered the Property against perils including hurricanes and provided the following coverages: $199,700 for Dwelling; $19,970 for Other Structures; $149,775 for Personal Property; and $59,910 for Loss of Use, *inter alia*.

8.

On or around August 27, 2020, Hurricane Laura caused significant damages to Complainants' Property.

9.

Complainants promptly reported the loss to State Farm, who assigned it claim number 1810S462R (the "Laura Claim").

10.

Prior to Hurricane Laura, Complainants evacuated to a deer camp in Bude, Mississippi for the duration of the storm.

11.

After returning to their home, Complainants observed substantial damage to their roof due to several fallen trees.

12.

Complainants covered the holes in the roof in an attempt to mitigate the water damage to the home; however, their efforts could not completely remedy the problem due to the amount of damage.

13.

Complainants then returned to Bude, Missippi for a few more days before returning to the Property where Complainants used a generator to power the Property until electricity was returned approximately one month.  During that time, the Property remained in a damaged state.

**14.**

On or about September 7, 2020, adjuster Kenny Henley inspected the Property on behalf of State Farm and documented damages to the dwelling. Mr. Henley allowed Complainants only $11,190.77 for their substantial dwelling losses. This was completely inadequate.

**15.**

When adjuster Kenny Henley inspected the Property on behalf of State Farm, he refused to go into the attic or onto the roof to properly survey the substantial damages. As a result, Mr. Henley's report was inaccurate.

**16.**

Mr. Henley's inspection of the Property constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**17.**

Complainants were unable to make meaningful repairs to their Property with the insufficient proceeds allowed by State Farm.

**18.**

As a result of State Farm's failure to timely and adequately compensate Complainants for their covered losses, they were forced to incur the expense of retaining counsel and other expenses to prosecute their claim.

**20.**

On or about September 24, 2020, Mario Barrilleaux of Complete Adjusting Services, LLC ("CAS") inspected the Property on behalf of Complainants and created an estimate of damages

documenting $141,602.59 in damages to the dwelling, $5,175.71 in damages to the other structures of the home, $13,600.16 in damages related to Complainants' contents/personal property therein.

**21.**

On December 21, 2020, a demand for the release of unconditional tenders was sent to State Farm, along with the CAS estimate and photographs demonstrating the loss.

**22.**

This submission constituted satisfactory proof of loss, as that term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

**23.**

State Farm has not tendered adequate insurance proceeds to Complainants, to date. As of December 24, 2020, State Farm had tendered only $36,933.70, which included supplemental payments for Complainant's dwelling/other structures losses and included a $1,000 allowance for tree removal and a $1,500 allowance for additional living expenses.

**24.**

As a result of State Farm's failure to timely and adequately compensate Complainants for their substantial losses, the Property remains in a state of disrepair today.

**25.**

Upon information and belief, State Farm's failure to timely and adequately compensate Complainants for their loss, after receiving satisfactory proof of loss, was purposeful or at least negligent.

26.

Upon information and belief, State Farm purposely and/or negligently misrepresented to Complainants the terms and conditions of the Policy.

27.

Upon information and belief, State Far conducted the investigation and claims handling for Complainants' claims in bad faith, as that term is term is used in conjunction with Louisiana's bad faith statutes, La R.S. §§ 22:1892 and 22:1973.

28.

Upon information and belief, State Farm manipulated its pricing software to artificially suppress the cost of repairs below market value.

29.

Upon information and belief, State Farm purposely or at least negligently failed to include adequate overhead and profit in its estimates of damages.

30.

Damages to the Property have continued to worsen as time goes on including the proliferation of mold in the home, and Complainants have incurred or will incur additional expenses in restoring the Property as a result of State Farm's failure to timely compensate them for their substantial and covered losses.

31.

Complainants have incurred or will incur additional living expenses as a result of the damages caused to their Property by Hurricane Laura, including those additional living expenses that will be incurred during the repair of the Property.

## III. CAUSES OF ACTION

### A. Breach of the Insurance Contract

**32.**

Complainants reallege and re-aver the allegations contained in paragraphs 1-31, above, as if restated herein.

**33.**

An insurance contract, the Policy, exists between Complainants and State Farm.

**34.**

The Policy provides coverages for perils including hurricanes.

**35.**

Despite having received satisfactory proof of loss for damages caused by Hurricane Laura, State Farm failed to timely tender adequate insurance proceeds as required by the Policy.

**36.**

By failing to timely tender adequate insurance proceeds after having received satisfactory proof of a covered loss by way of State Farm's own inspections of the Property, State Farm breached the Policy.

**37.**

By failing to timely tender undisputed insurance proceeds after having received satisfactory proof of a covered loss by way of those proofs of loss submitted by Complainants, State Farm breached the Policy.

**38.**

By purposely and/or negligently misrepresenting to Complainants the terms and conditions of the Policy, State Farm breached the Policy.

**39.**

By failing to conduct the claims handling for Complainants' Laura Claim in good faith and with fair dealing, State Farm breached the Policy.

**40.**

By manipulating its pricing software to artificially suppress the cost of repairs below market value, State Farm breached the Policy.

**41.**

By failing to include adequate overhead and profit in its estimates of damages, State Farm breached the Policy.

**42.**

Complainants have suffered and continue to suffer damages as a result of these breaches of the Policy.

**B. Bad Faith**

**43.**

Complainants reallege and re-aver the allegations contained in Paragraphs 1-42, above, as if restated herein.

**44.**

The actions and/or inactions of State Farm in failing to timely and adequately compensate Complainants for the covered losses under the Policy were arbitrary, capricious, and without

probable cause—as those terms are used in conjunction with La. R.S. §§ 22:1892 and 22:1973, making State Farm liable for statutory bad faith penalties.

**45.**

Under La. R.S. § 22:1973, an insurer owes a good faith duty and fair dealing to an insured and has an affirmative duty to adjust claims fairly and promptly; failing to pay a claim in a manner arbitrary, capricious or without probable cause is in violation of La. R.S. § 22:1973.

**46.**

"[F]ailing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause" is considered "bad faith" and is in violation of La. R.S. § 22:1973.

**47.**

La. R.S. § 22:1892 imposes bad faith penalties on insurers who fail to adequately pay claims following satisfactory proof of loss within thirty (30) days.

**48.**

State Farm is in violation of La. R.S. §§ 22:1973 and 22:1892 for failing to provide Complainants adequate payment in connection with their Laura Claim despite having received satisfactory proof of loss following its own inspections of the Property and following its receipt of independent proofs of loss from CAS.

**49.**

State Farm's misrepresentation of the relevant facts and/or the terms of the Policy was in bad faith.

**50.**

State Farm's failure to pay timely for damages it knew, or should have known, existed at the time of the initial adjustment of the relevant claims was in bad faith.

**51.**

State Farm's failure to pay timely for damages it knew, or should have known, existed at the time it received proofs of loss from Complainants was in bad faith.

**52.**

State Farm's manipulation of its pricing software to artificially suppress the cost of repairs below market value was in bad faith.

**53.**

State Farm's failure to include adequate overhead and profit in its estimates of damages was in bad faith.

**54.**

State Farm's handling of Complainants' Laura Claim was in bad faith.

**IV.  DAMAGES**

**55.**

Complainants reallege and re-aver the allegations contained in Paragraphs 1-54, above, as if restated herein.

**56.**

As a result of State Farm's breaches of contract, bad faith claims adjusting, and other bad acts, Complainants have incurred the following, non-exclusive damages:

a. Diminution of the value of the Property;

b. Actual repair costs;

c. Reimbursement for personal repairs at the Property;

d. Actual costs related to personal property manipulation, cleaning, repair, and/or replacement;

e. Additional living expenses;

f. Mental anguish;

g. Penalties delineated in La. R.S. §§ 22:1892 and 22:1973; and

h. Attorney's fees, other professional fees, and litigation costs associated with the bringing of this action.

**57.**

Complainants request a trial by jury.

**58.**

**WHEREFORE,** Complainants, Ricky Clark and Marlena Clark, pray that, Defendant, State Farm Fire and Casualty Company, be served with a copy of this Complaint and be duly cited to appear and answer the allegations contained therein, and that after expiration of all legal delays and proper legal proceedings, there be a judgment entered in favor of Complainants, Ricky Clark and Marlena Clark, and against Defendant, State Farm Fire and Casualty Company, in an amount that will fully and fairly compensate Complainants pursuant to the evidence and in accordance with the law, all sums with legal interest thereon, from the date of judicial demand until fully paid, for all costs of these proceedings, and for all general and equitable relief.

**RESPECTFULLY SUBMITTED:**

_____
Galen M. Hair, La. Bar. No. 32865
Trent J. Moss, La. Bar No. 37406
**HAIR SHUNNARAH TRAIL ATTORNEYS, LLC.**
**d/b/a INSURANCE CLAIM HQ**
**d/b/a INSURANCE CLAIM LAWYERS, INC.**
4621 W. Napoleon Ave, Ste 204
Metairie, Louisiana 70001
Telephone: 504.684.5200
Facsimile: 504.613.6351

**PLEASE SERVE:**

**State Farm Fire and Casualty Company**
*Through its Registered Agent of Service of Process:*
Louisiana Secretary of State
8585 Archives Avenue
Baton Rouge, Louisiana 70809.